**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ESTATE OF JORGE CASTRO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:17-cv-126** |
| | § | |
| **STANDARD GUARANTY INSURANCE** | § | **JURY** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.     Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal against Plaintiff Estate of Jorge Castro ("Plaintiff") as follows:

### I. COMMENCEMENT AND SERVICE

2.     The underlying lawsuit was commenced on May 23, 2017, when Plaintiff filed his Original Petition in the County Court at Law No. IV for Cameron County, Texas, styled Cause No. 2017-CCL-00558; *Estate of Jorge Castro vs. Standard Guaranty Insurance Company*.[1] Standard Guaranty received notice of service via certified mail, return receipt requested which was posted on May 30, 2017.[2]

3.     This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is removable, and is timely filed under 28 U.S.C. § 1446(b).[3] This Notice of Removal is also filed

---

[1] *See* Exhibit B-1, Original Petition.

[2] *See* Exhibit A, Service of Process.

[3] *See* Exhibit A, Service of Process; *See Barrackman v. Banister*, CIV.A. H-06-3622, 2007 WL 189378, at *2 (S.D. Tex. Jan. 22, 2007) ("the time for removal runs from the receipt [of notice of service] by the named defendant after transmission from the statutory agent."); *Harmon v. Fleetwood Enterprises, Inc.*, SA-05-CA-636-RF, 2005

within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II. GROUNDS FOR REMOVAL

4.     Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III. DIVERSITY OF CITIZENSHIP

5.     This is an action with complete diversity of citizenship between Plaintiff and the joined Defendant.

6.     Jorge Castro, deceased, was domiciled at 1797 Stanford Avenue, Brownsville, TX 78520.  The Estate of Jorge Castro has been improperly named because an estate cannot bring suit as it lacks standing to do so.  Heirs and beneficiaries can bring suit..

7.     Defendant Standard Guaranty is a Delaware insurance company authorized to transact business in Texas.  Standard Guaranty is organized under the laws of Delaware, and its principal place of business is located in Atlanta, Georgia.  Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[4]

8.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

---

WL 3068567, at *2 (W.D. Tex. Nov. 10, 2005) (acknowledging that service on a statutory agent is insufficient to trigger the removal period).

[4] *See* Exhibit I, Aff. of Odalys Collazo.

## IV. <u>Amount in Controversy</u>

9.      Plaintiff's Original Petition provides that the amount in controversy is "over $200,000 but not more than $1,000,000.00" and plead for "actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court."  The Petition does not state a more specific amount in controversy.  In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages (as is the case here) has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.  *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A).  If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers, (ii) making an independent appraisal of the amount of the claim, or (iii) remanding the case.  *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).  If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy of the causes of action brought by Plaintiff exceeds $75,000.00.

### A. THE AMOUNT IN CONTROVERSY OF THE CLAIMS BROUGHT BY PLAINTIFF EXCEEDS $75,000 BASED ON DEMAND.

10.      The amount in controversy of Plaintiff's claims in this case exceeds $75,000.00 because plaintiff has so plead the amount.  Plaintiff served Standard Guaranty with demand

letters seeking economic damages of $58,694.21, eighteen percent (18%) interest in the amount of $10,564.95, and attorney's fees of $17,314.79, for a total demand as of June 8, 2016 of $86,563.92.  Plaintiff states in his letters this amount could be trebled.[5]  These amounts do not include additional damages sought by the Original Petition, such as three times the amount of actual damages, punitive damages, statutory interest at the rate of 18% per year, and additional attorneys' fees incurred through trial.  Plaintiff seeks treble damages.[6]  Trebling Plaintiff's claimed actual damages of $58,694.21 alone amounts to $176,082.63.[7]  Furthermore, based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will greatly increase throughout the course of litigation.  *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating that amount in controversy should include potential attorney's fees incurred through trial).  Accordingly, the Original Petition and demand letters establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V. <u>VENUE</u>

11.     Venue lies in the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI. <u>CONSENT TO REMOVAL</u>

12.     No Consent to Removal is necessary as Standard Guaranty is the only named defendant in this lawsuit.

---

[5] Exhibit H, Plaintiff's January 6, 2016 and June 8, 2016, Demand Letters, at p. 4.

[6] *See* Exhibit B-1, Original Petition, at p. VI, p. 5.

[7] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

## VII. <u>NOTICE</u>

13.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII. <u>STATE COURT PLEADINGS</u>

14.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX. <u>EXHIBITS TO NOTICE OF REMOVAL</u>

15.     Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

A.  All executed process in the case;

B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

1.  Plaintiff's Original Petition;

C.  Docket sheet;

D.  An index of matters being filed;

E.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

F.  Civil Cover Sheet;

G.  Plaintiff's January 6, 2016 and June 8, 2016 demand letters and estimate;

H.  of Odalys Collazo;

I.  Policy issued to JPMorgan Chase Bank, NA showing Jorge Castro as additional insured; and

J.  Certificate of Interested Parties.

## X. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the County Court at Law No. 1 for Harris County, Texas to this Court.

Respectfully submitted,

*/s/*April F. Robbins
April F. Robbins
Federal I.D. No.  14875
State Bar No.        16983470

BRACKETT & ELLIS,
a Professional Corporation
100 Main Street
Fort Worth, Texas  76102-3090
(817) 338-1700
Facsimile (817) 870-2265

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure as follows:

John A. Millin
john@millinmillin.com
Millin & Millin, PLLC
4107 N. 22nd Street
McAllen, TX 7854

DATED this 14th day of June, 2017.

*/s/April F. Robbins*
April F. Robbins