# EXHIBIT B-1

FILED
2017-CCL-00558
5/23/2017 4:36:48 PM
Sylvia Garza-Perez
Cameron County Clerk

2017-CCL-00558
CAUSE NO. _____

| | | |
|---|---|---|
| **ESTATE OF JORGE CASTRO** § | | IN THE COUNTY COURT |
| **Plaintiff** § | | |
| § | | |
| VS. § | | Cameron County - County Court at Law |
| § | | AT LAW NO. _____ |
| **STANDARD GUARANTY** § | | |
| **INSURANCE COMPANY** § | | |
| **Defendant** § | | **CAMERON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **Estate of Jorge Castro** (herein "Plaintiff"), and file this Original Petition complaining of Defendant, **Standard Guaranty Insurance Company** "Insurer," and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2. **Plaintiff, Estate of Jorge Castro** is an individual residing in the State of Texas at 1797 Stanford Ave., Brownsville, Cameron County, Texas.

3. Defendant **Standard Guaranty Insurance Company** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its president John A. Frobose, Standard Guaranty Insurance Company, 260 Interstate North Circle, SE, Atlanta GA 30339-2210.

### III. VENUE AND JURISDICTION

4. Suit is proper in Cameron County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located

in Cameron County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Cameron County, Texas. TEX.CIV.P.REM. CODE §15.035(b).

## IV. FACTUAL BACKGROUND

5. Insurer issued an insurance policy naming Plaintiff as an additional insured and providing coverage for direct physical loss caused by windstorm or hail to his property located at 1797 Stanford Ave. Cameron County, Texas. Pursuant to the terms of the policy, numbered SLS610565701, Plaintiff had insurance protection on the dwelling and on any personal property for any and each such loss resulting from windstorm and hail damage. The building insured by Standard Guaranty Insurance Company pursuant to the insurance contract sustained damage as the result of a storm which struck the Cameron County area on or about May 23, 2015, during the policy period. The wind and hail storm created openings in the roof and building envelope, through which rain entered and caused extensive damage. Further, the storm caused damage to the Plaintiff's roof, the exterior, the interior, among other building elements, all of which were covered damage under the policy of insurance. Thereafter, the insurer conducted a pretextual and faulty investigation. Standard Guaranty Insurance Company underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6. Insured wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that her claimed losses are covered occurrences under the Policy and seeks damages for the insurer's wrongful denial.

7. Plaintiff hired the undersigned attorneys to pursue the matter following the insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made. To date, Insurer has failed and refused to pay Plaintiff for

2

attorney's fees, expenses and mental anguish in having to pursue that which Plaintiff is entitled under the policy of insurance.

## V. CAUSES OF ACTION

### A. BREACH OF CONTRACT

8. Plaintiff incorporates each of the previous allegations set forth herein.

9. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

10. Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### B. TEXAS INSURANCE CODE VIOLATIONS

11. Plaintiff incorporates each of the previous allegations set forth herein.

12. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, their insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by their insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

13. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES

14. Plaintiff incorporates each of the previous allegations set forth herein.

15. From and after the time Plaintiff's claim was presented to their insurer, liability to

4

pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

16. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

17. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

## VI. ACTUAL DAMAGES AND TREBLING OF DAMAGES

18. Plaintiff incorporates each of the previous allegations set forth herein

19. Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

20. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

21. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VII. RULE 47(c) STATEMENT

23. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief sought is monetary in nature, over $200,000.00 but not more than $1,000,000.00

24. Plaintiff incorporates each of the previous allegations set forth herein.

25. Insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented the claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq. and the Texas Insurance Code.

## VIII. CONDITIONS PRECEDENT

26. All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## IX. JURY DEMAND

27. Plaintiff respectfully requests trial of this cause before a Cameron County jury.

## X. INITIAL DISCLOSURES

28. Plaintiff requests that Defendant disclose the information listed in Texas Rule of Civil Procedure 194.2 within 50 days of being served with this Petition.

## XI. PRAYER

**WHEREFORE**, Plaintiff requests that Standard Guaranty Insurance Company be cited to appear and answer, and that on final trial, Plaintiff have the following:

6

a. Judgment against the Insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of Insurer's knowing and intentional conduct, treble damages as allowed by the Texas Insurance Code;

c. 18% interest, as allowed by the Texas Insurance Code for violation of the Prompt Payment of Claims statute;

d. Prejudgment interest as provided by law;

e. Postjudgment interest as provided by law;

f. Attorney's fees;

g. Costs of suit; and

h. All other relief to which Plaintiff may show herself entitled, either at law or in equity, either general or special, under the facts set forth in their claims.

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

/s/ JOHN A. MILLIN IV
JOHN A. MILLIN IV
State Bar No24005166
*Attorney for Plaintiff*

7